IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PHILLIP SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:15cv345-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Phillip Sanders ("Plaintiff") filed an application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.*, on August 1, 2012. His applications were denied at the initial administrative level on September 19, 2012. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision finding that Plaintiff had not been under a disability as defined in the Social Security Act, from December 19, 2011, through the date for his decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff

---

[1]   Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-

appealed the ALJ's decision to the Appeals Council and his request for review was denied on March 21, 2015. The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

    (1) Is the person presently unemployed?
    (2) Is the person's impairment severe?
    (3) Does the person's impairment meet or equal one of the specific

---

296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2]   A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>    impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
>    (4) Is the person unable to perform his or her former occupation?
>    (5) Is the person unable to perform any other work within the economy?
>
>    An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] ("grids") or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

At the time of the ALJ hearing, Plaintiff was thirty-three years old and had completed high school. Tr. 114, 116. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since December 19, 2011, the alleged onset date[.]" Tr. 92. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "hearing deficit, diabetes mellitus, degenerative disc disease, and hypertension." Tr. 92. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 93. Next, the ALJ articulated Plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant must periodically alternate sitting and standing positions at 30 minutes or greater intervals to relieve pain or discomfort. The claimant can perform occasional pushing or pulling with upper right and lower right extremities. The claimant would be restricted to no climbing ladders, ropes, scaffolds, and only occasional climbing of ramps and stairs. The claimant is able to do occasional balancing, kneeling, crouching, crawling, and stooping. He should avoid concentrated exposure to extreme heat and cold, vibration; avoid moderate exposure to noise; no exposure to dangerous machinery, unprotected heights; and no work requiring walking on uneven terrain.

Tr. 93.  Having consulted with a VE at the hearing, the ALJ concluded at Step Four that Plaintiff is "capable of performing past relevant work as an EKG monitor (DOT 678.365-010), sedentary, skilled work with specific vocational preparation (SVP) of five and customer services representative (DOT 249.362-026), sedentary, semi-skilled work with svp of four.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity[.]"  Tr. 103.  Finally, at Step Five, and based upon the testimony of the VE, the ALJ determined that Plaintiff "has not been under a disability . . . from December 19, 2011, through the date of this decision[.]"  Tr. 103.

## IV.   PLAINTIFF'S CLAIM

Plaintiff presents two arguments for reversal of the Commissioner's decision: (1) "[t]he ALJ failed to give the claimant's treating physician's opinion controlling weight despite the fact that it is consistent with the record as a whole"; and (2) "[t]he ALJ failed to find a ruling of fact; the Plaintiff meets and/or equals Listing 1.04(A)."  Pl.'s Br. (Doc. 12) at 7-8.

## V.   DISCUSSION

First, Plaintiff argues that the ALJ erred in failing "to give the claimant's treating physician's opinion controlling weight despite the fact that it is consistent with the record as a whole."  Pl.'s Br. (Doc. 12) at 7.  Plaintiff asserts that the ALJ "gave a Consultative Examiner's opinion more weight than that of the claimant's treating physician, who unlike

6

the Consultative Examiner, has treated the claimant for a prolonged period and has performed multiple examinations of the claimant."[5]  Doc. 12 at 8.  The court concludes that substantial evidence exists to support the ALJ's decision to discount the opinion of Plaintiff's treating physician.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997) (citing *McGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). The Eleventh Circuit has found that "good cause" exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). When electing to disregard the opinion of a treating physician, an ALJ must clearly articulate his or her reasons for discounting the opinion. *Id*.

Here, good cause exists for discounting the opinion of Plaintiff's personal treating physician, Dr. Felician Jones ("Dr. Jones"). Dr. Jones completed a Medical Source Statement in October 2013, which concluded that Plaintiff could not work due to diabetes and musculoskeletal pain. Tr. 99, 757-58.  Dr. Jones further opined that Plaintiff could stand and sit for no more than thirty minutes at a time; could lift no more than five pounds

---

[5] The court notes that the above statement is the entirety of Plaintiff's analysis for his argument that the ALJ improperly discounted the opinion of Plaintiff's treating physician.

on an occasional basis; was unable to bend, stoop, or balance; and could stand, walk, or sit no more than 25% of the time during an eight-hour workday. Tr. 757-58. Finally, Dr. Jones rated Plaintiff experienced severe pain 100% of the day. Tr. 758. In according Dr. Jones's opinion "little weight," the ALJ provided the following justification:

> Dr. Jones provided an extremely limiting medical opinion regarding the claimant's physical abilities and limitations. First, when questioned on how many hours the claimant could work, he responded with the answer "none." I acknowledge that Dr. Jones opined that the claimant is disabled. Careful consideration has been given to this opinion. However, because this opinion about the claimant's ability to perform past work is on an issue reserved to the Commissioner and not an opinion as to the nature and severity of the claimant's impairment, it cannot be accorded special weight (20 CFR 404.1527(e) and SSR 96-5p). Nevertheless, **considering the claimant's testimony in light of his medical treatment history, the medical signs and findings, including the most recent physical examination by the consultative examiner, Dr. Vester, the evidence does not substantiate the opinion that the claimant could not perform any duration of work.** In fact, **the claimant's own testimony about general daily activities, demonstrate some capacity to work.** With respect to claimant's lifting capabilities, this is somewhat consistent with the claimant's testimony, although the claimant testified he could lift five to ten pounds. Dr. Jones opined the claimant could sit and stand for only 30 minutes at one time. The undersigned accounts for this issue with the sit/stand opinion provided for in the established residual functional capacity. In addition, Dr. Jones opined the claimant was in "severe pain" (Ex. B16F). The assessment of pain is generally subjective, even so, the doctor appeared to rely quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained previously in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. In fact, **the opinion provided by Dr. Jones is not consistent with his own treating records.** Actually, the progress notes by Dr. Jones specifically show the claimant's review of systems having "no low back pain" and the treatment provided was generally routine and conservative. The opinion of Dr. Jones is severely limiting, one would expect, his treatment records to reflect referrals to specialists, further testing, and remarks

> regarding the claimant's "severe" pain.  There are no recommendations for back surgery and there are no diagnoses of neuropathy or kidney function problems.  Thus, the course of treatment pursued by the doctor has not been consistent with what one would expect if the claimant were truly disabled, as the doctor has reported.  Even though, Dr. Jones is the claimant's treating physician, I accord this opinion little weight.  Dr. Jones relied heavily on the claimant's subjective complaints and not the objective medical findings demonstrating "no acute" abnormality of the lumbar spine identified" along with an "essentially unremarkable right leg" (Ex. B5F).  Considering, all the reasons defined above, I accord little weight to the opinion of Dr. Jones (B16F)."

Tr. 101-02 (emphasis added).  The court concludes that the ALJ clearly articulated his reasons for discounting the opinion of Plaintiff's treating physician, Dr. Jones.  Further, after an independent review of the record, the court concludes that the ALJ had "good cause" to discount that opinion, considering it was not bolstered by the evidence, it was not consistent with Dr. Jones's own records, and evidence in the record supported a contrary finding.[6]  As such, Plaintiff's argument is without merit.

Second, Plaintiff asserts that "[t]he ALJ failed to find a ruling of fact; the Plaintiff meets and/or equals Listing 1.04(A)[.]"  Pl.'s Br. (Doc. 12) at 8.  Plaintiff states that "[i]n reviewing the medical evidence of record, it is evident that the Plaintiff meets and/or equals

---

[6] In addition to the reasons provided by the ALJ that are set forth above, the court notes that evidence in the record indicates the following:
- Normal x-rays of Plaintiff's lumbar spine and lumbrosacral spine.  Tr. 489, 599.
- Normal strength and sensory exams.  Tr. 488, 506.
- An emergency room report from June 2012 suggesting that Plaintiff had moved furniture two weeks prior to his visit, although Plaintiff could not relate his reports of back pain with moving furniture.  Tr. 486.
- Treatment records from Dr. Jones indicating that Plaintiff had no limitations in grooming, bathing, or walking.  Tr. 615, 691-98.

9

Listing 1.04([A]) in that he suffers from a disabling back condition, has pain radiating down his legs, positive straight leg raise, and decreased range of motion."[7] Doc. 12 at 8. The court concludes that substantial evidence supports the ALJ's determination that Plaintiff did not meet or medically equal Listing 1.04(A); thus, Plaintiff's argument fails.

"For a claimant to show that his impairment matches a listing, [the impairment] must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (emphasis in original). Listing 1.04(A) provides:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, *and* a positive straight-leg test in cases in which there is involvement in the lower back.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 (emphasis added).

While the ALJ noted that Plaintiff had a positive straight-leg test,[8] the record is devoid of evidence that Plaintiff experienced limitation of motion of the spine, motor loss,

---

[7] The court notes that the above statement is the entirety of Plaintiff's analysis for his argument that the ALJ erred when he failed to find that Plaintiff met Listing 1.04(A).

[8] Plaintiff had a positive straight-leg test on August 17, 2012. Tr. 97. On October 10, 2012, Plaintiff stated during the straight leg raise test that it hurt in his back. Tr. 98, 583. Then he stated it hurt in his hip. Tr. 98, 583. Finally, he stated in hurt in his knee. Tr. 98, 583. On July 2, 2013, Plaintiff had a negative seated and supine leg-raising test. Tr. 506.

and sensory or reflex loss, as required by Listing 1.04(A).[9]  Therefore, assuming *arguendo* that Plaintiff meets the introductory paragraph of Listing 1.04, Plaintiff failed to produce evidence that he met the additional requirements under section (A).  As such, the court concludes that substantial evidence supports the ALJ's decision that Plaintiff did not meet or medically equal Listing 1.04(A).

For the foregoing reasons, the court finds that substantial evidence exists to support the ALJ's determination that Plaintiff is not disabled.

## VI.  CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

Done this 31st day of May, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE

---

[9] On July 2, 2013, Plaintiff was noted to have "[n]o muscular atrophy."  Tr. 506.